**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 13-CR-1237-L |
| Plaintiff, | ORDER DENYING MOTION FOR CALCULATION OF TIME IN FEDERAL CUSTODY [ECF NO 76.] |
| v. | |
| JUAN URIBE | |
| Defendant. | |

On November 20, 2019, Defendant Juan Manuel Uribe filed a letter with the Court in which he requests assistance with the calculation of his time in federal custody. Defendant contends he has not been credited for the time he served at the Metropolitan Correctional Center (MMC) prior to the Court sentencing him. As a result, he argues that he is serving 84 months in custody instead of 72 months.

It appears that Defendant is asserting a claim to gain credit for prior custody under 18 U.S.C. § 3585, which states in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585(b).

On January 6, 2014, this Court sentenced Defendant to 72 months in federal custody to be followed by four years of supervised release. (Judgment [ECF NO 64.]) After this Court sentenced Defendant, jurisdiction for calculating his sentence was transferred to the Bureau of Prisons, therefore, this Court no longer retains jurisdiction to calculate his custodial sentence. *See* 18 U.S.C. § 3621; Federal Bureau of Prisons, Sentence Computations,

https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp.

Nothing in this determination bars Defendant from filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the manner in which his sentence is executed. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004)(overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).)

For the foregoing reasons, Defendant's Motion is **DENIED** without prejudice. The Clerk of Court is directed to send Defendant a blank form for relief pursuant to 28 U.S.C. § 2241

**IT IS SO ORDERED**

Dated: November 25, 2019

Hon. M. James Lorenz
United States District Judge

*14-cr-02811-L*
*17-cv-01901-L*